# FINGER, SLANINA & LIEBESMAN, LLC
## ATTORNEYS AT LAW

David L. Finger  
One Commerce Center  
1201 N. Orange St., 7th floor  
Wilmington, DE 19801-1186

Tel: (302) 573-2525  
Fax: (302) 573-2524  
E-mail: dfinger@delawgroup.com  
www.delawgroup.com

February 2, 2009

**Via CM/ECF and Hand Delivery**  
The Honorable Gregory M. Sleet  
United States District Court for the District of Delaware  
844 King Street  
Wilmington, DE 19801

      Re:   *Davis International LLC, et al. v. New Start Group Corp., et al.*  
            C.A. Nos. 04-1482 & 04-1483 (GMS)

Dear Judge Sleet:

      Plaintiffs have received the attached inquiry from Vice Chancellor Lamb regarding the status of the case pending in the Court of Chancery.

      As Your Honor may recall, the above-referenced action was filed in the Court of Chancery on November 4, 2004. After Defendants removed the case, Plaintiffs filed an amended complaint, removing the non-RICO claims, which were re-filed in the Court of Chancery in April, 2005. The Court of Chancery stayed that case pending resolution of Defendants' anti-suit motion in this Court, which was first filed in March, 2005. Merits discovery concerning events which took place in 2001 and before was stayed in the instant matter.

      After this Court dismissed this action and Third Circuit issued its mandate, Defendants renewed the anti-suit motion on August 13, 2007. Briefing on that renewed motion was completed on October 3, 2007. On July 30, 2008, Plaintiffs requested a conference to discuss discovery in light of the ruling in the *Chernoi v. Deripaska* suit in England. After briefing on the point, the Court held a teleconference on September 29, 2008, during which the Court denied Plaintiffs' request to permit discovery. Plaintiffs submitted a supplemental brief based on *Chernoi v. Deripaska* shortly thereafter.

      Sixteen (16) months have passed since initial briefing on the anti-suit motion was completed. The passage of time continues to place Plaintiffs' case in jeopardy. There is a substantial risk that evidence will be lost (or destroyed), witnesses will die or otherwise become unavailable, and witnesses who were under the control of Defendants are no longer under their control for the purposes of production for deposition. Memories of witnesses may also continue to fade over events which occurred years ago.

The Hon. Gregory M. Sleet
Feb. 2, 2009
2

In order to provide Vice Chancellor Lamb with a meaningful response to his inquiry (he requests a response by February 12), Plaintiffs respectfully request that Your Honor advise the parties as to a time frame for deciding the anti-suit motion. Further, if the Court's docket is such that it will be unable to decide the motion in the near future, Plaintiffs request that the matter be reassigned pursuant to the program by which cases are now being handled by visiting judges from the Eastern District of Pennsylvania and the District of New Jersey.

As always, Plaintiffs are available at the convenience of the Court to answer any questions Your Honor may have.

Respectfully,


David L. Finger
(DE Bar ID #2556)


cc: Kevin F. Brady, Esq. (via CM/ECF)
    Richard I.G. Jones, Esq. (via CM/ECF)
    William M. Lafferty, Esq. (via CM/ECF)
    Charles M. Oberly, III, Esq. (via CM/ECF)